BANK OF MOWBRAY v. JERRY KELLAND, Sheriff of Cavalier County, North Dakota, W. F. Winter and H. D. Allert, Copartners as Allert & Winter.

(157 N. W. 291.)

First mortgage — real estate — foreclosed — redemption period — mortgagor — fourth mortgage — redemption by — paying first mortgage debt — after year has expired — within sixty days — amount required — interest — taxes.

1. Where a first mortgage is foreclosed, and during the year of redemption

---

Note.—While not strictly in point with the above case, the note in 29 L.R.A.(N.S.) 508, on whether a purchaser or mortgagee from the original owner after a sale under a prior mortgage and during the redemption period may be a redemptioner, may prove of interest, the case annotated being North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 117 N. W. 453.

which is allowed to the mortgagor, the holder of a fourth mortgage redeems from such sale, by paying the first mortgage debt, the owner of a second mortgage may, under the provisions of § 7755, Compiled Laws of 1913, in turn redeem from such fourth mortgagee and within sixty days of his redemption, even though after the expiration of the original year, and by paying to such fourth mortgagee the amount which he paid to redeem with interest and taxes and assessments paid by him with interest, but without paying to such subsequent encumbrancer the amount of his fourth mortgage.

**Partnership — superior lien holder — redemption by — inferior lien holder — estoppel — sheriff's certificate — purchase by.**

2. A partnership which as a superior lien holder and under the provisions of § 7755, Compiled Laws of 1913, seeks to redeem from a prior redemptioner but inferior lien holder who has redeemed during the year of redemption under the provisions of § 8085, Compiled Laws of 1913, is not estopped from so doing on account of the fact that prior to such event one of its members purchased the sheriff's certificate of sale which was issued on the foreclosure of the first mortgage and under which both redemptions are sought to be made.

Opinion filed March 15, 1916.

Appeal from the District Court of Cavalier County, *Charles M. Cooley,* Special Judge.

Action to compel the delivery of sheriff's deed on a mortgage foreclosure sale.

Judgment for defendants. Plaintiff appeals.

Affirmed.

*George M. Price,* for appellant.

Redemption from the purchaser of real estate mortgage foreclosure must be made within one year. Franklin v. Wohler, 15 N. D. 613, 109 N. W. 56; Kenmare Hard Coal, Brick & Tile Co. v. Riley, 20 N. D. 182, 126 N. W. 241; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; Laws 1887, § 5151, Comp. Laws 1913, § 7754; Trenery v. American Mortg. Co. 11 S. D. 506, 78 N. W. 991; Johnson v. Day, 2 N. D. 295, 50 N. W. 701.

A possible redemptioner who remains inactive during the entire period of redemption, and permits an actual redemptioner to receive a sheriff's deed, thereby loses his right of redemption. MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; 27 Cyc. 1810; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 456.

A subsequent redemptioner has the right to redeem by paying the amount the original redemptioner paid, without paying any other lien held by him which is inferior to the lien of the subsequent redemptioner seeking to redeem. Advance Thresher Co. v. Rockafellow, 16 S. D. 462, 93 N. W. 653; Work v. Braun, 19 S. D. 437, 103 N. W. 764; 27 Cyc. 1813, 1814; Long v. Mellet, 94 Iowa, 548, 63 N. W. 190; Albee v. Curtis, 77 Iowa, 644, 42 N. W. 508; Bartleson v. Thompson, 30 Minn. 161, 14 N. W. 795.

Redemption is a statutory right, and while the statutes are liberally construed, to effect their purposes, still the person seeking to redeem must bring himself within the statute and must comply therewith. Summerville v. Sorrenson, 23 N. D. 460, 42 L.R.A.(N.S.) 877, 136 N. W. 938; Comp. Laws 1913, §§ 7754–7756; Pamperin v. Scanlan, 28 Minn. 345, 9 N. W. 870, and cases cited; Jack v. Cold, 114 Iowa, 349, 86 N. W. 377; Parke v. Hush, 29 Minn. 434, 13 N. W. 668; Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11.

The situation presented here is not that of a junior lien holder trying to enforce that lien as a prior lien to the senior lien, but on the contrary, it is that of the senior lien holder lying still and permitting and in fact obliging a junior lien holder to redeem and then attempting to assert the senior lien as against the junior lien holder. The doctrine of laches and estoppel will not permit him to do so. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 177 N. W. 453; Warford v. Sullivan, 147 Ind. 14, 46 N. E. 27; 37 Cyc. 383; 11 Am. & Eng. Enc. Law, 251; Fay v. Valentine, 12 Pick. 40, 22 Am. Dec. 397; Morris v. Beecher, 1 N. D. 130, 45 N. W. 697; 16 Cyc. 770, 773; Barkworth v. Isbell, 101 Mich. 40, 59 N. W. 408; Kirk v. Hamilton, 102 U. S. 68, 26 L. ed. 79; Sutton v. Consolidated Apex Min. Co. 14 S. D. 33, 84 N. W. 213; Dickerson v. Colgrove, 100 U. S. 578, 25 L. ed. 618; Tolerton & S. Co. v. Casperson, 7 S. D. 206, 63 N. W. 908.

*Dickson & Devaney,* for respondents.

The redemption statutes, and the statutes defining "redemptioners" and prescribing their rights and their duties should they seek to protect these rights, are plain and clear. Comp. Laws 1913, §§ 7754, 7755, 8085 to chap. 12 of the Code of Civil Procedure; State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 285, 69 N. W. 692.

A senior lien holder may redeem from a redemption made by a junior lien holder, by paying the amount of the first redemption, with interest, and taxes paid, if any. State ex rel. Brooks Bros. v. O'Connor, 6 N. D. 289, 69 N. W. 692; North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 508, 138 Am. St. Rep. 717, 117 N. W. 453.

The duty of giving notice of other or subsequent liens is cast upon a "redemptioner," and not upon a "certificate of sale holder." There is no estoppel in this case. Comp. Laws 1913, § 7756; O'Leary v. Schoenfeld, 30 N. D. 374, 152 N. W. 679.

BRUCE, J. This action was brought by the Bank of Mowbray against the defendant Kelland as sheriff and Allert and Winter as individuals and copartners for the purpose of requiring the sheriff to issue to the bank a sheriff's deed upon its redemption of the land described in the complaint. A demurrer to the complaint was sustained by the district court, and from the order sustaining this demurrer, this appeal was taken.

The main question is whether the owners of a second and third mortgage who have not attempted to redeem from the foreclosure of the first mortgage during the year of redemption which is allowed to the mortgagor and first redemptioner under the provisions of § 8085, Compiled Laws of 1913, may after the expiration of such year, but within sixty days of redemption by a fourth mortgagee, which is made during such year, redeem from the redemption of such fourth mortgagee, and if so whether they will merely be required to pay the amount that has already been paid by the fourth mortgagee in order to effect his redemption, with interest and taxes and assessments paid by such mortgagee with interest, or in addition thereto the amount of his mortgage lien. Do they, in short, by failing to themselves redeem during the year and by allowing the fourth mortgagee so to do, waive by such delay the lien of their mortgages and their consequent right of redemption, or, if allowed to redeem at all, are they merely allowed so to do on condition that they surrender their places as prior encumbrancers, and pay not only the amount due on the original foreclosure sale, but on the lien of the redemptioner and subsequent encumbrancer from whom they redeem?

33 N. D.—25.

We are of the opinion that such second and third mortgagees may redeem within sixty days of the last redemption, and that all they need do is to pay the amount which was paid by the holder of the fourth mortgage in order to effect his redemption with interest thereon, and taxes and assessments and interest thereon which were paid by such fourth mortgagee after his redemption. The statute, to our minds, is too clear to need interpretation. It speaks for itself, and is as follows:

"Section 7755 [Comp. Laws 1913]. If the property is so redeemed by a redemptioner, another redemptioner may, even after the expiration of one year from the day of sale, redeem from such last redemptioner; provided, the redemption is made within sixty days after such last redemption. This sixty-day limitation does not apply to any redemption made within one year after the sale by whomsoever or from whomsoever such redemption is made; but all persons entitled to redeem shall in all cases have the entire period of one year from the day of sale in which to redeem. A redemptioner in redeeming from another redemptioner must pay the sum paid on such last redemption with like interest thereon in addition as provided by the preceding section and the amount of any assessment or taxes which the last redemptioner may have paid thereon after the redemption by him with like interest on such amount and, in addition, *the amount of any liens held by said last redemptioner prior to his own with interest;* but the judgment on which the property was sold need not be so paid as a lien. The property may be again, and as often as a redemptioner is so disposed, redeemed from any previous redemptioner within sixty days after the last redemption on paying the sum paid on the last previous redemption with interest at the same rate as provided for the first redemption in § 7754 in addition and the amount of any assessment or taxes which the last previous redemptioner paid after the redemption by him with like interest thereon and the amount of any liens, other than the judgment under which the property was sold, held by the last redemptioner *previous to his own,* with interest."

The next point urged is that the partnership of Allert & Winter is estopped from asserting its second and third mortgages for the reason that one of the members thereof, Winter, had obtained an assignment of the sheriff's certificate of sale which was issued on the foreclosure of

the first mortgage. We cannot see, however, how this fact could operate either as a waiver or estoppel or as a proof of laches. The firm had the right to redeem from any redemption that was made and within sixty days thereafter. There was no waiver by the partnership, and no laches, for the statute had itself stated the time in which the partnership could act. There was no estoppel, for not only had the partnership done nothing to estop it, but no loss or injury is shown to have accrued to the plaintiff, the fourth mortgagee. It is true that the latter paid out its money in order to redeem from the first mortgage, but it is entitled to the repayment of that money with interest thereon, and in contemplation of the law this will fully compensate it for the loss of its use.

Nor is there any merit in the further objections that the mortgagees, Allert & Winter, should be estopped because at the time of the redemption by the plaintiff, the Bank of Mowbray, neither the assignment of the sheriff's certificate of sale on the foreclosure of the first mortgage nor the assignment to them of one of the mortgages had been recorded. There was no estoppel simply because there was no injury or loss. The plaintiff, the Bank of Mowbray, the holder of the fourth and inferior lien, knew of the existence of these two superior liens, as both were recorded. It must have been immaterial to it to whom the instruments were afterwards assigned, if to anybody. It knew that within sixty days after its redemption the owners of those liens, whoever they were, could redeem. It was absolutely immaterial who those owners were.

Nor is there any merit in the contention that a court of equity should give relief to the plaintiff, the Bank of Mowbray, as against the defendants Allert & Winter, on equitable principles alone and irrespective of the statute. The mortgage of the Bank of Mowbray was a fourth mortgage, and only amounted to $506.56 and interest. The total indebtedness on the first three mortgages amounted to $8,248.34, with interest, and of this amount $3,045.13, with interest, was represented by the mortgages of Allert & Winter. The value of the land was placed at $8,000. The value of the equity of the fourth mortgagee therefore amounted in fact to nothing, and yet in spite of the statute the plaintiff seeks to have this court give it a preference and a value.

The judgment of the District Court is affirmed.